**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-10308 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-08097-SMB-1 |
| v. | |
| WAYNE TAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted May 16, 2023[**]

Before:     BENNETT, MILLER, and VANDYKE, Circuit Judges.

Wayne Tan appeals from the district court's judgment and challenges the

121-month sentence imposed following his guilty-plea conviction for aggravated

sexual abuse of a child, in violation of 18 U.S.C. §§ 1152, 2241(c), and

2246(2)(B).  Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Tan's counsel

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Tan the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Tan waived his right to appeal his conviction and sentence. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable issue as to the validity of the waiver. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009). We accordingly dismiss the appeal except as to supervised release special conditions 2, 5, and 9. Although the government elected not to file an answering brief, it filed a letter stating that it would not "oppose vacatur and remand of Special Conditions #2 and #5 . . . to permit the district court to impose the District of Arizona's post-*Nishida* conditions." In view of this position, we vacate special conditions 2 and 5 and remand for the district court to modify these conditions in a manner consistent with *United States v. Nishida*, 53 F.4th 1144, 1151-55 (9th Cir. 2022). We also vacate and remand special condition 9 so the district court may reevaluate this condition in light of *Nishida*.

Counsel's motion to withdraw is **GRANTED.**

**DISMISSED in part; VACATED in part; and REMANDED with instructions.**